# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

SOL DAVID VECCHIO,                        )
                                          )
       Plaintiff,                        )
                                           )
v.                                        )    NO. 3:17-cv-01501
                                           )    CHIEF JUDGE CRENSHAW
JEFF CAROL, M.P.D., OFFICER GIBS,         )
M.P.D., and SHAWN JENSEN, M.P.D.,         )
                                           )
       Defendants.                       )

## MEMORANDUM OPINION

Sol David Vecchio has filed a Complaint asserting claims against three police officers. The Complaint has now been signed. (Doc. No. 7.) Because plaintiff proceeds *in forma pauperis*, the Court must conduct an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the Complaint will be dismissed in part.

## I.    Initial-Review Screening Standards

The Court must conduct an initial review of any civil complaint filed *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Id. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II.     Factual Allegations

Plaintiff alleges that Officer Jeff Carol of the Murfreesboro Police Department has, on numerous occasions beginning in 2013, harassed Plaintiff's friends and relatives by sitting "in his patrol car near [Plaintiff's] residence and pull[ing] over anyone leaving [Plaintiff's] home" (Compl. at 1.) He has also told many of Plaintiff's friends and relatives that Plaintiff is a "junkie, a drug dealer, and a scumbag." (Id.)

This "campaign" culminated in a military-style raid at Plaintiff's house. Plaintiff was not at home, but four adults and one infant boy were "put in danger by these deranged tactics." (Id. at 2.)

Plaintiff was subsequently arrested on "bogus" charges, at which time he was questioned for "about an hour" by Murfreesboro Police Officers Shawn Jensen and Travis Ledford. Plaintiff was charged and held on an inflated bond on false charges for several days. Plaintiff has now

notified the Court that he has been released on bond and is living with his brother. (See Doc. No. 6, at 4.)

## III.    Discussion

Although Plaintiff does not expressly identify the basis for this Court's jurisdiction over his claims or invoke 42 U.S.C. § 1983, that statute provides essentially the "only realistic avenue for vindication of constitutional guarantees," Champion v. Outlook Nashville, Inc., 380 F.3d 893, 900 (6th Cir. 2004) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982)), as well as the only possible basis for federal jurisdiction. The Court therefore construes the complaint as brought under 42 U.S.C. § 1983.

Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff names Officer Jeff Carol as a defendant and alleges that Carol has, for years, wrongfully stopped and harassed other individuals upon their leaving Plaintiff's house. Plaintiff, however, does not have standing to assert claims on behalf of these other individuals (whom he does not identify). To establish standing, Plaintiff must show that the conduct of which he complains has caused him to personally suffer an "injury in fact" that a favorable judgment will redress. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-562 (1992). He must also show that he is not asserting claims based on a violation of another person's legal rights and interests, but

instead is relying on an injury to his own legal interests. <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984); <u>Allstate Insurance Co. v. Wayne Cnty.</u>, 760 F.2d 689, 693 (6th Cir. 1985). The Complaint fails to state a claim for which relief may be granted to Plaintiff based on Officer Carol's alleged harassment of other individuals.

Plaintiff also alleges that Jeff Carol has told others that Plaintiff is a "junkie, a drug dealer, and a scumbag." (Compl. at 1.) Although Carol, as a police officer, is an individual acting under color of state law, Plaintiff has not shown that Carol, by insulting Plaintiff, has violated his constitutional or other federal rights. Insofar as Plaintiff may be attempting to state a defamation claim against Carol under Tennessee state law, over which the Court could potentially have supplemental jurisdiction, Plaintiff has not alleged sufficient facts to support such a claim. Under Tennessee law, to establish a *prima facie* case of defamation, a plaintiff must show that: (1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. <u>Brown v. Christian Bros. Univ.</u>, 428 S.W.3d 38, 50 (Tenn. Ct. App. 2013). Only false statements are actionable; truth is a defense. <u>Id.</u> (citations omitted). Further, to establish defamation, Plaintiff must show that the defamation resulted in injury to his character and reputation. <u>Id.</u> Here, Plaintiff does not allege that the statements are false or that they damaged his reputation. Further, the statement that he is a "scumbag" is a statement of opinion rather than verifiable fact and therefore is not actionable. <u>Accord</u> <u>Seaton v. TripAdvisor LLC</u>, 728 F.3d 592, 601 (6th Cir. 2013) (applying Tennessee law). The Complaint therefore fails to state a claim for defamation against defendant Jeff Carol.

Plaintiff alleges that the "campaign" against him culminated in a military-style attack on his house, during which "[a] large hole was blown into one side of the house." (Compl. at 3.)

Plaintiff was not at home, though others in the house were endangered. As suggested above, Plaintiff cannot assert claims based on harm or threatened harm to other individuals. To the extent he might be able to state a claim based on the damage to his house, he has not identified the nature of such claim, the basis for the Court's jurisdiction over such a claim, or the individuals who were responsible for such actions. The Complaint therefore fails to state a claim for which relief may be granted based on the raid on Plaintiff's house.

Plaintiff names "Officer Gibs" as a defendant in the case caption, but the text of the Complaint nowhere mentions Gibs or indicates any specific actions taken by Gibs that violated Plaintiff's constitutional rights. To establish the liability of any individual defendant, Plaintiff must show that that particular defendant was personally involved in the activities giving rise to Plaintiff's claims. Rizzo v. Goode, 423 U.S. 362, 371 (1976). See also Heyerman v. Calhoun Cnty., 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); Murphy v. Grenier, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir. 1991))). The Complaint fails to state a claim against Gibs.

Plaintiff also names Officer Shawn Jensen as a defendant and alleges that Jensen arrested him on a "completely bogus driving on revoked [license] charge," after which he was questioned for about an hour before being transported to jail and read his Miranda rights, where he was held on "falsified" charges. (Compl. at 3.) The Court construes these allegations very liberally as alleging that Plaintiff was arrested without probable cause, which is a viable claim under § 1983. Sykes v. Anderson, 625 F.3d 294, 305–06 (6th Cir. 2010). This claim against Officer Jensen will, therefore, be permitted to proceed.

Finally, the Court notes that Plaintiff identifies "Patrol Officer Travis Ledford" as having been involved in his allegedly unlawful arrest, but he does not name Ledford as a defendant. The Court therefore cannot conclude that Plaintiff intended to bring a claim against Ledford.

**IV.    Conclusion**

The claims against Officers Carol and Gibs will be dismissed, as the Complaint fails to allege sufficient facts to state claims against these defendants. The claims against Officer Jensen will be permitted to proceed.

An appropriate Order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE