UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |
|---|---|
| SOL DAVID VECCHIO, | |
| Plaintiff, | Case No. 3:17-cv-01501 |
| v. | Chief Judge Crenshaw |
| | Magistrate Judge Newbern |
| JEFF CAROL et al., | |
| Defendants. | |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

This matter has been referred to the Magistrate Judge for case management and a report and recommendation on all dispositive motions. For the reasons that follow, the undersigned RECOMMENDS that this action be DISMISSED for Plaintiff Sol David Vecchio's failure to prosecute his claims and failure to comply with a court order. Fed. R. Civ. P. 41(b); M.D. Tenn. Local Rule 41.01 (dismissal of inactive cases).

### I.        Background

On November 28, 2017, Plaintiff Sol David Vecchio filed a complaint against Defendants Jeff Carol, [F/N/U] Gibs, and Shawn Jensen. (Doc. No. 1.) On January 24, 2018, the Court dismissed Defendants Carol and Gibs from the action, directed the Clerk to send Vecchio a service packet (a blank summons and USM 285 form), and ordered Vecchio to complete the service packet for Defendant Jensen and return it to the Clerk's Office within twenty-one days of the date of the order. (Doc. No. 9.) Vecchio was forewarned that failure to complete the service packet within the time allowed "could jeopardize his prosecution of this action." (*Id.* at PageID# 33.) Vecchio

also was directed "to keep the Clerk's Office informed of his current address at all times." (*Id.*) The Clerk's Office sent Vecchio a service packet on January 24, 2018. (*Id.*) To date, Vecchio has not returned a completed service packet to the Court.

In light of Vecchio's *pro se* status, the Court issued an order on April 12, 2018, allowing him thirty days to show that good cause exists to allow him to submit a completed service packet after the original deadline. Vecchio again was forewarned that failure to respond could result in a recommendation that his case be dismissed. On May 3, 2018, Vecchio's service copy of the April 12, 2018 order was returned as undeliverable with a forwarding address provided. (Doc. No. 11.) The Court sent a copy of the order to the forwarding address on the same day. (*Id.*) To date, Vecchio has not filed a completed service packet with the Court.

## II. Legal Standard

The Federal Rules of Civil Procedure provide several means by which a court may address a case that has gone stagnant. Rule 4(m) provides that, if a defendant is not served within ninety days after the complaint is filed, the Court may dismiss the action without prejudice, order that service be made within a specified time or, upon a showing of good cause, extend the time for service. Rule 41 provides that a court may dismiss an action *sua sponte* if a plaintiff fails to prosecute the action or fails to comply with the Federal Rules of Civil Procedure or an order of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.Co.*, 370 U.S. 626, 629 (1962) (noting that "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted"); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) (stating that "[i]t is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal"). Consistent with *Link*, this Court's Local Rule 41.01 requires *sua sponte* dismissal for failure to prosecute in "a civil action that has

been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein . . . but the dismissal shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01 (dismissal of inactive cases).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

## III. Analysis

Vecchio has done nothing to prosecute this action since its filing. He has not responded to two court orders, despite being warned that failure to do so could result in a recommendation that his case be dismissed. (Doc. Nos. 9, 10.) He has failed to complete the service packet required to allow the named defendant to be served with process and answer the claims against him. And, in contravention of the Court's order, Vecchio has failed to keep the Clerk's Office apprised of his current address.

Eight months after the case was filed, nothing has been done to move the case forward. Since filing his complaint, Vecchio has filed only a letter docketed on January 2, 2018, regarding his payment of the filing fee. (Doc. No. 7.) Although there is no evidence that Vecchio's failure to prosecute this action is motivated by bad faith, he is "at fault for failing to comply with the Court's Orders." *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017). The Court has abundant basis on which to dismiss this action under Rule 4, Rule 41(b), and Local Rule 41.01.

Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears *pro se*. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal"). This Court's Local Rules strike the same balance, providing that dismissal of inactive cases "shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01. Taking these factors into account, the undersigned finds that dismissal without prejudice of Vecchio's case best addresses all of the interests of this litigation.

## IV.    Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court DISMISS this case WITHOUT PREJUDICE for failure to prosecute and failure to comply with a court order. Fed. R. Civ. P. 41(b); M.D. Tenn. 41.01.

Any party has fourteen days after being served with this report and recommendation in which to file any written objections to it. A party opposing any objections filed shall have fourteen

days after being served with the objections in which to file any response. Fed. R. Civ. P. 72(b)(2).

Failure to file specific objections within fourteen days of receipt of this report and recommendation

can constitute waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S.

140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Entered this 31st day of July, 2018.

ALISTAIR E. NEWBERN
United States Magistrate Judge